IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JESHA DONALDSON MILLER,

    Plaintiff,

v.

TOM WHEELER, *et al.*

    Defendants.

ORDER

Case No. 16-cv-14-wmc

Pro se plaintiff Jesha Donaldson Miller filed this lawsuit against fourteen defendants, claiming that they violated his constitutional rights by either (1) barring him from presenting his beliefs about government corruption on various television, radio or newspaper outlets, or (2) denying his various petitions to government officials that complained about government corruption. Because plaintiff is proceeding without prepayment of the filing fee, the next step would normally be for this court to screen his complaint under 28 U.S.C. § 1915 to determine whether he may proceed. After reviewing the complaint, however, it is clear that this district lacks venue over plaintiff's claims.

Under the federal venue statute, 28 U.S.C. § 1391, plaintiff's lawsuit may be filed only in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district that satisfies these first two options, any judicial district in which the defendant is subject to the court's personal jurisdiction with respect to the action. Plaintiff lives in Evansville, Indiana. The defendants are located in various places throughout the country (Washington D.C., New York, Texas, Kentucky, Indiana, while a few defendants' addresses are unknown), but *none* of

them appear to reside in Wisconsin. Miller's allegations also suggest that the majority of the events giving rise to his complaint occurred in Indiana given that he allegedly submitted letters or petitions from there to most of the defendants, though all were rejected, and again *no* substantial event or omission giving rise to his claim occurred in this district. Finally, there is little or no reason to believe that any of the defendant's are subject to this court's personal jurisdiction with respect to this action. This means that, under § 1391, venue for plaintiff's lawsuit is improper in the Western District of Wisconsin.

While plaintiff does not explain why he filed his complaint here, a review of his filing history in the Southern District of Indiana via www.pacer.gov does. Plaintiff has been unsuccessful in at least three prior lawsuits in that district, each of which were dismissed as either legally frivolous or for failure to state a claim upon which relief can be granted. In 2012, plaintiff filed a complaint against two state court judges and a former prosecutor that was dismissed on immunity grounds. *See Miller v. Mauer*, No. 1:12-cv-01009-JMS-TAB, dkt. #10 (S.D. Ind. Sept. 4, 2012). In 2014, he filed another complaint against various public figures and representatives of the media, seeking the commencement of criminal charges against them. This complaint was similarly dismissed because Miller lacked standing to commence a criminal lawsuit, the court could not compel a criminal prosecution and Miller failed to amend his complaint to comport with the requirements of Fed. R. Civ. P. 8. *See Miller v. Bucshon*, No. 3:14-cv-00130-WTL-WGH, dkts. #7, #13 (S.D. Ind. Oct. 22, 2014). Finally, in 2015, Miller filed a lawsuit against the United States of America, complaining in part that George Washington was not the first President of the United States and asking that the judicial branch shut down all the courts. That case was dismissed pursuant to 28 U.S.C.

2

§ 1915(e)(2)(B). *See Miller v. United States of America*, No. 3:15-cv-00040-RLY-WGH, dkt. #4 (S.D. Ind. Apr. 8, 2015).

The present lawsuit appears to be a similar attempt to sue a variety of public figures and government representatives on thin or utterly meritless theories of liability. Although the plaintiff is not listed as a restricted filer, plaintiff's prior lack of success in the Southern District of Indiana, coupled with the absence of any tie between his present lawsuit and this court, lead to the conclusion that the defendant is engaged in a blatant attempt at forum shopping. When a court lacks venue, the court may dismiss the case or transfer it to a district in which it could have been brought. *See* 28 U.S.C. § 1406(a). Given the similarity of plaintiff's claims to those previously filed in and summarily rejected by the Southern District of Indiana, the court will dismiss this case instead of transferring it. If plaintiff wishes to refile, he must do so in the Southern District of Indiana and in accordance with that district's filing restrictions.

## ORDER

IT IS ORDERED that this case is DISMISSED WITHOUT PREJUDICE for lack of venue.

Entered this 26th day of April, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge